MATTER OF D——

In VISA PETITION Proceedings

A-11638708

*Decided by Regional Commissioner April 6, 1960*
*Approved by Assistant Commissioner April 14, 1960*

Orphan—Eligibility under Act of September 11, 1957—Not eligible where living with mother and stepfather—Adoption must be by citizen and spouse.

Thirteen-year-old illegitimate child living with mother and stepfather, who has been adopted by her United States citizen aunt with her mother's consent, does not meet definition of "eligible orphan" under section 4, Act of September 11, 1957, as amended, since such child cannot be regarded as having only one parent. Further ground of disqualification exists in that adoption by aunt who is divorced does not meet statutory requirement that adoption must be by a United States citizen *and* spouse.

APPLICATION: Petition to classify alien as eligible orphan under section 4, Act of September 11, 1957, as amended.

BEFORE THE REGIONAL COMMISSIONER

**Discussion:** On January 22, 1960, the District Director, New York, entered an order denying the petition, and it was further ordered the case be certified to the Regional Commissioner for review. Brief was filed by counsel February 4, 1960. Oral argument of counsel was also heard at New York on March 1 by a representative of the Regional Commissioner.

The petitioner is 49 years of age and a native-born citizen of this country. The petitioner has no children. She was formerly married and the marriage was terminated by divorce granted May 14, 1948, in the District Court of Las Vegas, Clark County, Nevada.

The beneficiary is 13 years of age, born August 14, 1946, at Zdyni, Gorlice, Poland. The beneficiary is the illegitimate child of the petitioner's sister. The child lives in impoverished circumstances with her mother, stepfather, and their three children, and petitioner claims to have substantially provided for the beneficiary since birth. She further states the child is unwanted by her brother-in-law, the stepfather, and is subject to abusive surroundings and treatment.

The adoption of the beneficiary by the petitioner was granted

628

December 22, 1958, by the County Court, Gorlicach, Poland, and change of name of the beneficiary to the name of the petitioner was granted. Certified copy of the decree has been presented and reflects that the mother of the child expressed agreement to the adoption. The petitioner states she was physically present in the court when the proceedings were begun.

Under section 4 of the Act of September 11, 1957, as amended by the Act of September 9, 1959, special nonquota immigrant visas may be issued on or before June 30, 1960, to children under fourteen years of age who are found to be "eligible orphans" as defined in the statute and are ineligible for admission to the United States solely because they are chargeable to an oversubscribed quota area. The statute in pertinent part defines the term "eligible orphan" as an alien child who:

\* \* \* (1) is an orphan because of the death or disappearance of both parents, or because of abandonment or desertion by, or separation or loss from, both parents, or who has only one parent due to the death or disappearance of, abandonment, or desertion by, or separation or loss from the other parent and the remaining parent is incapable of providing care for such orphan \* \* \*; (2) (A) has been lawfully adopted abroad by a *United States citizen and spouse*, or (B) is coming to the United States for adoption by a *United States citizen and spouse* \* \* \*. (Emphasis supplied.)

Under the immigration laws the term "parent" includes a stepfather where the relationship was created prior to the child reaching the age of 18 years. Hence, it cannot be said that the beneficiary has only one parent and, under the terms of the statute, she cannot be considered an "eligible orphan." Nor does the petitioner meet the terms of the statute which, it is clear, require that the adoptive parents or prospective parents be a *United States citizen and spouse;* in other words, a married couple. As the petitioner is presently unmarried she cannot qualify under the explicit requirement of the statute.

It should also be noted that the beneficiary is not eligible for nonquota status pursuant to section 101(a)(27)(A) of the Immigration and Nationality Act since she does not meet the definition of child as set forth in section 101(b)(1)(E) of said act.

In view of the foregoing, the petition must be denied and the order of the district director will be affirmed.

**Order:** It is ordered that the petition be denied.